IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** : <br> : <br>     **Plaintiff,** : <br> : <br>     v. : <br> :    **CASE NO: 7:24-cv-26  (WLS)** <br> **SPRAY PROPERTIES, LLC,** : <br> **MICHAEL SPRAY, and** : <br> **ROBERT WASHINGTON, JR.,** : <br> : <br>     **Defendants.** : <br> _____ : | |

## **ORDER**

    This matter is before the Court, *sua sponte*. On March 15, 2024, Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed a Complaint for Declaratory Judgment (Doc. 1) ("Complaint") against the above-named Defendants. Defendants Spray Properties, LLC ("Spray Properties") and Michael Spray are insureds under two policies ("Policies") issued by Auto-Owners.

    On February 24, 2022, a house fire occurred at property owned (and leased) by Spray Properties which resulted in the death of Chance Hollis and Robert Washington, Sr. Auto-Owners contends that it paid the full limits of both Policies of $1,500,000 to settle claims arising from the death of Chance Hollis. After Auto-Owners exhausted the Policies' limits to settle the Hollis claims, Robert Washington, Jr. ("Washington"), filed a wrongful death suit arising from the same fire, entitled *Robert Washington Jr. v. Spray Properties, LLC and Michael Spray*, Superior Court of Brooks County, Georgia, Civil Action File No. 24CV00032 (the "Washington Lawsuit"). Since Policies' limits have been exhausted, Auto-Owners seeks a declaration that (i) the Policies do not afford coverage for the Washington Lawsuit, (ii) Auto-Owners has no duty or obligation to defend Spray Properties or Michael Spray, and (iii) Auto-Owners has no liability of any kind relating to the Washington Lawsuit.

**Spray Properties, LLC, Cannot Proceed *Pro Se.***

The Court notes that on May 9, 2024, Defendant Spray Properties filed an Answer and Defenses to Auto-Owners Insurance Company's Complaint for Declaratory Judgment (Doc. 8) ("Spray Properties Answer"). The Spray Properties Answer is signed by an individual, presumably Michael Spray, on behalf of Spray Properties.[1] However, Spray Properties is a limited liability company and cannot proceed *pro se. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (corporations, partnerships, associations, and artificial entities may only appear in federal courts through a licensed attorney).

Accordingly, it is hereby **ORDERED**, that:

1. Defendant Spray Properties must obtain counsel who shall enter an appearance in this case on behalf of Spray Properties on or before **Monday, June 3, 2024**.

2. The deadline within which Spray Properties, through counsel, shall refile its answer is extended to twenty-one days after its counsel enters an appearance, but no later than **Monday June 24, 2024**.

3. After counsel enters an appearance on behalf of Spray Properties, or after the deadline set forth in paragraph 1 above for such counsel to enter an appearance, whichever occurs first, the Clerk, or his deputy, is **DIRECTED** to **STRIKE** the Spray Properties Answer (Doc. 8) and any *pro se* filings by Defendant Spray Properties from the record.[2]

**SO ORDERED**, this 13th day of May 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The signature is illegible, but a duplicate answer (Doc. 7) was signed by Michael Spray, *pro se*, and filed May 6, 2024.

[2] Pursuant to Local Rule 87, all nongovernmental corporate parties, including limited liability companies, must file a Corporate Disclosure Statement with their initial pleading. M.D. Ga. L.R. 87. Because the Spray Properties Answer will be stricken, the Court finds that Spray Properties' disclosure statement is not yet due.