IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | : <br> : <br> : **CASE NO: 7:24-cv-26  (WLS)** |
| **SPRAY PROPERTIES LLC, MICHAEL SPRAY, and ROBERT WASHINGTON, JR.,** | : <br> : <br> : <br> : |
| **Defendants.** | : <br> : |

## **ORDER**

Before the Court is Plaintiff Auto-Owners Insurance Company's ("Plaintiff" or "Auto-Owners") Motion for Default Judgment (Doc. 23) ("Motion"). Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk's Office entered default as to Defendants Spray Properties LLC ("Spray Properties") and Robert Washington, Jr. ("Washington") on October 28, 2024. Auto-Owners now seeks a default judgment against Spray Properties and Washington pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court **GRANTS** Auto-Owners' Motion.

### I.   BACKGROUND

This declaratory judgment action relates to two insurance policies issued by Auto-Owners. The Complaint for Declaratory Judgment (Doc. 1) ("Complaint) alleges that Auto-Owners issued to Spray Properties and Michael Spray ("Mr. Spray") a commercial general liability insurance policy, number 0832318-78572784-21, with effective dates from March 19, 2021 through March 19, 2022 (the "Spray Policy"). The limit of coverage under the Spray Policy was $1,000,000 (each occurrence). In addition, Auto-Owners issued to Spray Properties, LLC d/b/a Woodmere Apartments a commercial general liability insurance policy, number 142318-78023177-21, with effective dates from October 29, 2021 through October 29, 2022

(the "Woodmere Policy"). The limit of coverage under the Woodmere Policy was $500,000 (each occurrence).

On February 24, 2022, a house fire occurred at 905 E. Bartow St., Quitman, Georgia, property owned (and leased) by Spray Properties. The fire resulted in the death of two individuals, Chance Hollis and Robert Washington, Sr. Auto-Owners paid its full policy limits (totaling $1,500,000) to settle the Hollis claims on behalf of its insureds, Mr. Spray and Spray Properties. The policy limits under both the Spray Policy and the Woodmere Policy have been exhausted through settlement payments totaling $1,500,000.

After Auto-Owners exhausted its policy limits to settle the Hollis claims, Robert Washington, Jr., filed a wrongful death suit against Mr. Spray and Spray Properties, entitled Robert Washington Jr. v. Spray Properties, LLC and Michael Spray, Superior Court of Brooks County, Georgia, Civil Action File No. 24CV00032 (the "Washington Lawsuit"), asserting claims of negligence and wrongful death arising from the same February 24, 2022 fire. Auto-Owners retained defense counsel to represent Spray Properties and Mr. Spray in the Washington Lawsuit, subject to a reservation of rights.

The Spray Policy and Woodmere Policy provided liability coverage for bodily injury, subject to payment of the limits of the policy, as follows:

> (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements . . .

(Doc. 1 ¶ 23).

Auto-Owners paid $1,500,000 to settle the Hollis claims, exhausting the policy limits as to the February 24, 2022 fire. Under the terms of the Spray Policy and Woodmere Policy, Auto-Owners has no duty or obligation to defend or indemnify Spray Properties (or Mr. Spray) in connection with the Washington Lawsuit, Auto-Owners having already paid its policy limits. Auto-Owners accordingly has no responsibility under the policy terms to provide any coverage for the Washington Lawsuit.

## II.   PROCEDURAL HISTORY

On March 15, 2024, Auto-Owners filed this declaratory judgment action seeking, *inter alia*, a declaration that the Spray Policy and Woodmere Policy have been exhausted and do not afford coverage for the Washington Lawsuit, any verdict or judgment therein, or any additional costs or expenses associated with defense of Mr. Spray or Spray Properties. (*See* Doc. 1 at 6–7).

Defendant Washington was served with process on April 6, 2024. (Doc. 5). Accordingly, the deadline for Washington to serve an answer or otherwise respond to the Complaint was April 29, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), 6(a)(1)(C). Washington has not filed any answer or other response to Auto-Owners' claims in the Complaint in this action. Accordingly, the Clerk entered default against Washington on October 28, 2024. (*See* Docket Entry dated October 28, 2024).

On April 15, 2024, service of the Summons and Complaint was perfected on Spray Properties by serving Spray Properties' registered agent, Defendant Michael Spray, at 560 Kingfisher Lane, Quitman, Georgia 31643. (Doc. 6). Accordingly, the deadline for Spray Properties to serve an answer or otherwise respond to the Complaint was May 6, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Although Spray Properties purportedly filed an Answer and Defenses (signed by Mr. Spray) on May 9, 2024, Spray Properties is a limited liability company and cannot proceed *pro se*. Thus, on May 13, 2024, the Court ordered that on or before June 3, 2024, Spray Properties was to obtain counsel to enter an appearance in this action on its behalf (and refile Spray Properties' answer). (*See* Doc. 9). Spray Properties did not comply with this Order nor with the Court's subsequent show cause Order (Doc. 11). Thus, on June 17, 2024, the Court entered an Order (Doc. 12) directing the Clerk, or his deputy, to strike Spray Properties' Answer (Doc. 8) and any *pro se* filings by Spray Properties from the record in this case. No documents have been filed by or on behalf of Spray Properties since then, and the Clerk entered default against Spray Properties on October 28, 2024. (*See* Docket Entry dated October 28, 2024).

On October 15, 2024, the Court entered an Order granting the relief requested by Auto-Owners and Mr. Spray in their Joint Motion for Entry of Consent Order disposing of

the claims between Auto-Owners and Mr. Spray and resolving the case as to Mr. Spray. (*See* Docs. 18 & 19).

### III.  DISCUSSION AND ANALYSIS

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and Auto-Owners seeks declaratory relief pursuant to 28 U.S.C. § 2201.

At a party's request and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is committed to the discretion of the Court. *Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). The Court is not required to hold either an evidentiary hearing or oral argument before entering default judgment. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("An evidentiary hearing is not a *per se* requirement [prior to entry of default judgment]; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. *See* Fed. R. Civ. P. 55(b)(2) ("[T]he court *may* conduct such hearings . . . ." (emphasis added))). However, the Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). To that end, a party in default is "deemed to have admitted the movant's well-pleaded allegations of fact," but is not deemed to have admitted conclusions of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).

As Auto-Owners seeks a declaratory judgment only, damages are not at issue.[1] Based on the well-pleaded factual allegations in the Complaint and the deemed admissions by Defendants Spray Properties and Washington, the Court finds the entry of a default judgment is appropriate and that Auto-Owners is entitled to the declaratory relief requested in its Complaint.

---

[1] As noted above, this action has been resolved as between Auto-Owners and Defendant Michael Spray. (See Doc. 19).

4

For the foregoing reasons and for the reasons set forth in the Motion, the Court grants Auto-Owners' Motion and hereby grants the requested declaratory relief as to Spray Properties and Washington. The Court hereby **ORDERS, ADJUDGES AND DECLARES** as follows:

(a) The policy limits of the Spray Policy and Woodmere Policy have been exhausted.

(b) The Spray Policy and Woodmere Policy do not afford coverage for or relating in any way to the Washington Lawsuit or any verdict or judgment therein. Auto-Owners has no responsibility under the policy terms to provide any coverage for Spray Properties for the Washington Lawsuit.

(c) Auto-Owners has no duty or obligation to defend and/or indemnify Spray Properties in connection with the Washington Lawsuit.

(d) Auto-Owners has no further duty under the Spray Policy or Woodmere Policy with respect to the Washington Lawsuit and/or the underlying claims, and is free from any liability for any claims, judgments, or damages of any kind relating to the Washington Lawsuit or its subject matter.

The foregoing grants the relief requested by Auto-Owners in its Complaint as between Auto-Owners and the remaining defendants, Spray Properties and Washington. As the Court's Order entered October 15, 2024 (Doc. 19) resolved the case as to Mr. Spray and this Order resolves the case as to Spray Properties and Washington, the Clerk is hereby **DIRECTED** to close this case.

**SO ORDERED**, this 15th day of November 2024.

                                                **/s/ W. Louis Sands**
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**